IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KODY DELANEY HASTINGS, | ) | |
| ID # 1333980, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:06-CV-1422-P (BH) |
| | ) | ECF |
| CITY OF DALLAS POLICE | ) | Referred to U.S. Magistrate Judge |
| DEPARTMENT, et al., | ) | |
| Defendants. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementa-tion thereof, subject cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

Plaintiff, an inmate in the Texas prison system, commenced this action against the City of Dallas Police Department and Dallas County in August 2006.  (*See* Compl. at 1, 3.)  On August 12, 2006, the Court granted him permission to proceed with this action *in forma pauperis*.  He thereafter amended his complaint to name the City of Dallas instead of the Police Department.  (*See* Answer to Question 2 of Magistrate Judge's Questionnaire (MJQ).)[1]  He alleges that defendants arrested him, charged him with robbery, and held him on that charge all without probable cause.  (*See* Compl. at 3-4; Answers to Questions 1 and 2 of MJQ.)  He contends that he was acquitted of the robbery charge, and that such acquittal demonstrates "a complete absence of probable cause."  (*See* Compl.

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

at 4; Answer to Question 3 of MJQ.)  His current incarceration is unrelated to the robbery charge for which he was acquitted.  (*See* Answer to Question 4 of MJQ.)  By this lawsuit, plaintiff seeks "all injunctive relief" to which he is entitled.  (Compl. at 4; Answer to Question 5 of MJQ.)  No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

2

### III.  SECTION 1983

Plaintiff seeks injunctive relief under 42 U.S.C. § 1983 against the City of Dallas and Dallas County for an alleged arrest, charge, and unlawful detention without probable cause.  Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

Plaintiff alleges that defendants unlawfully arrested, charged, and held him without probable cause.  However, to hold a city or county municipality liable under 42 U.S.C. § 1983, plaintiffs must show an "underlying claim of a violation of rights", as well as, "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas, TX.*, 430 F.3d 734, 748 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 2039 (2006).  Because plaintiff has not alleged any official policy or custom on the part of either defendant in this action that violated his constitutional rights and because his complaint and answers to the MJQ show no policy or custom, his claims against defendants necessarily fail.[2]

---

[2]  The Court notes, furthermore, that plaintiff's complaint indicates that he was indicted for the charged robbery for which he was later acquitted.  (*See* Compl. at 4.)  The fact that plaintiff was indicted demonstrates probable cause.  *See Parks v. Rogers*, No. 3:85-1411-R, 1986 WL 20583, at *1, 3 & n.7 (N.D. Tex. July 7, 1986).  Additionally, contrary to plaintiff's contention that his acquittal demonstrates a complete lack of probable cause, "[a] verdict of acquittal indicates that the prosecution has not proven the defendant guilty beyond a reasonable doubt; the fact that a trial was had at all, however, indicates that there was probable cause to believe the defendant was guilty." *Id.* at *3 n.7.

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS**
plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Such
dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 24th day of May, 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recom-
mendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who
desires to object to these findings, conclusions and recommendation must file and serve written
objections within ten days after being served with a copy.  A party filing objections must specifically
identify those findings, conclusions, or recommendation to which objections are being made.  The
District Court need not consider frivolous, conclusory, or general objections.  Failure to file written
objections to the proposed findings, conclusions, and recommendation within ten days after being
served with a copy shall bar the aggrieved party from appealing the factual findings and legal
conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds
of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding
> under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in
> any facility, brought an action or appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless
> the prisoner is under imminent danger of serious physical injury.